STATE *ex rel.* J. R. JOHNSON *v.* FRANK LLEWELYN, Warden.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Rehearing denied February 3, 1956.

HUGH C. SIMPSON, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This appeal is from the Knox County Circuit Court's order dismissing a petition for the writ of habeas corpus.

The relator Johnson having completed a prison sentence in the Tennessee State penitentiary was held on a "retainer order" from the authorities of the State of Florida because of the alleged violation of his parole.

The specific charge in the relator's petition to sustain his right to be released from custody is the following:

"He also avers that during the pendency of his appeal to the United States Supreme Court and at the time he was prevailed upon to not pursue his appeal to said Court, another prisoner in the Florida Penitentiary had appealed his *habeas corpus* petition to the United States Supreme Court and that that Court did sustain said petition and held that the failure of the courts of Florida to appoint counsel for indigent defendants, when they requested aid and benefit of counsel, was in violation of the due process of law and that said conviction was invalid. That in said memorandum opinion of the United States Supreme Court that Court cited the opinion of the Supreme Court of Florida in this Relator's *habeas corpus* appeal, *Johnson* v. *Mayo,* 40 So. (2d) 134, and that that was the cause of the Florida prison authorities prevailing upon him to not appeal his conviction to the United States Supreme Court, but the same opinion of said Court did in effect declare his conviction is likewise void and in violation of his constitutional rights.

"He avers he had no notice of his threatened transfer to the Florida Penitentiary to be *their* imprisoned under said void convictions until he was about to be released from the Tennessee Penitentiary on a parole granted him and to be effective on the 10th day of May, 1954. That efforts have been made to have the Florida authorities to recognize the invalidity of said convictions but to no avail. That it is necessary to have it judicially declared by this Court that said convictions are invalid to prevent his being illegally detained and deprived of his liberty."

The assignments of error complain that the trial judge who dismissed the petition should have held (1) that the relator had completed his term of imprisonment in the State of Florida and was not a fugitive from its justice; (2) that the judgment of conviction was null and void

"because it was obtained without due process of law in derogation of the Fourteenth Amendment to the Federal Constitution."

■■ The question raised in the first assignment is a conclusion of the pleader. Moreover, if it is not a controverted fact, it is a matter of defense in the courts of Florida and is not reviewable in the courts of this State. If it is a controverted question of fact, it is still a matter of defense in the court of the demanding state.

The determinative issue in this case involves the jurisdiction of the courts of Tennessee to decide the constitutionality of a statute of the State of Florida under which the relator was tried and convicted. Contention is made in support of the second assignment of error that the judgment of the Florida court is null and void and is subject to collateral attack in the courts of this State and especially in this proceeding.

In the relator's supplemental brief it is thus insisted: "This appeal does not involve a Governor's extradition warrant nor any matter of defense that can be raised in the courts of a sister state having jurisdiction of the alleged offense charged." Furthermore considering that the judgment is void because it is based upon an unconstitutional statute, it is claimed to be void *in all jurisdictions,* and is not a matter of defense in the demanding State of Florida.

We think the legal question raised on this appeal as set forth in the several assignments of error must be adjudicated by the courts of the State of Florida and not by the courts of Tennessee.

■ We concede that persons who are brought to trial upon an indictment for a felony are entitled to be represented by counsel. It is a violation of due process for the trial court to refuse to appoint counsel when re-

quested to do so. While a void judgment is subject to collateral attack in a proper case, the right to question its validity is not available in a habeas corpus proceeding in order to defeat the right of a demanding state to the custody of one who is a fugitive from its justice. Thus it is in the case at bar the relator seeks to have his constitutional rights adjudged by the courts of Tennessee when the courts of Florida are available to him. The relator cannot assume, nor will he be allowed to contend, that the Florida court where he was tried and convicted will not grant to him the same relief he prays for in this proceeding. Moreover we think it would be a dangerous precedent to permit one who is a fugitive from justice to invoke the jurisdiction of the courts of this State to review and declare unconstitutional a statute of a demanding state under which he stands convicted. It would be disrespectful to the honor and dignity of a sovereign state. The demanding state must be the judge of its own laws as well as the proceedings for their enforcement, and the jurisdiction of its courts are exclusive in determining if a person is being deprived of his liberty without due process of law.

In *State ex rel. Lea* v. *Brown,* 166 Tenn. 669, 680, 681, 64 S. W. (2d) 841, 844, 91 A. L. R. 1246, it is said:

"If the procedure followed by the state of North Carolina in the trial and conviction of the relators violated any of their constitutional rights, and if there has been no conclusive adverse adjudication of those points, it would nevertheless be our duty, under the Constitution of the United States, to presume that such wrongs will be remedied when and if the relators are restored to the jurisdiction of North Carolina and steps are there taken to enforce the judgments of its courts. * * *

"These views follow necessarily from the nature of the proceeding, an application for the writ of *habeas corpus* to test the validity of the Governor's warrant by the Constitution and statute of the United States, pursuant to which it was issued. Being without jurisdiction to enforce the judgment of North Carolina, the courts of Tennessee are without jurisdiction to inquire into the validity of such judgment as a basis for granting or denying extradition. And, if the relators have been denied due process of law by the courts of North Carolina, with respect to matters not already adjudicated, they should be left free to present such matters to a state or federal court to which the state of North Carolina is subject, whenever that state, having regained custody of them, endeavors to enforce its judgment. The relators will remain under the protection of the Federal Constitution, if returned to North Carolina, and this proceeding for the writ of *habeas corpus* is a summary proceeding, 'to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest.' *Biddinger* v. *Commissioner of Police,* 245 U. S. 128, 38 S. Ct. 41, 43, 62 L. Ed. 193.''

The contention of relator that this case has no application is without merit. The assignments of error are overruled and the judgment of the trial court is affirmed.