IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS DECEMBER 14, 2000

## MICHAEL D. LOVE v. DOCTOR R. CRANTS, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9272; The Honorable Jon Kerry Blackwood, Judge**

———————————————

**No. W2000-01518-COA-R3-CV - Filed February 15, 2001**

———————————————

This case involves the incarceration of the Appellant in the State of Tennessee pursuant to a contract between the Wisconsin Department of Corrections and Corrections Corporation of America. The Appellant filed a petition for habeas corpus relief in the Circuit Court of Hardeman County. The trial court entered an order dismissing the Appellant's for failure to state a claim upon which relief can be granted.

The Appellant appeals the dismissal of his petition by the Circuit Court of Hardeman County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Michael D. Love, *pro se*

K. Michelle Booth, for Appellees

### OPINION

### I. Facts and Procedural History

The Appellant, Michael D. Love ("Mr. Love") was convicted of burglary, sentenced, and imprisoned in the State of Wisconsin. Mr. Love was transferred to Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee to serve his sentence. The transfer was pursuant to a contract between the State of Wisconsin and Corrections Corporation of America ("CCA"), which owns and operates WCF.

Mr. Love filed a petition for habeas corpus relief in the Circuit Court of Hardeman County, naming Dr. R. Crants and Percy Pitzer, the warden at WCF, as the respondents. Mr. Love claimed

that when he was transferred by the State of Wisconsin outside the state, the State of Wisconsin waived jurisdiction over him, released him from custody, and voided the remainder of his Wisconsin prison sentence. The trial court dismissed Mr. Love's petition for failure to state a claim upon which relief can be granted. This appeal followed.

## II. Standard of Review

This case is on appeal from the trial court's dismissal of Mr. Love's petition for failure to state a claim upon which relief can be granted. See TENN. R. CIV. P. 12.02(6). A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of the plaintiff's evidence. See Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999). The motion admits the truth of all relevant and material averments in the complaint but asserts that such facts are insufficient to state a claim as a matter of law. See Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998).

In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. See Stein v. Davidson Hotel, 945 S.W.2d 714, 716 (Tenn. 1997); Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn. 1997). The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Stein, 945 S.W.2d at 716. As the allegations of fact are taken as true, the issues raised on motion to dismiss are questions of law and the scope of relief is *de novo* with no presumption of correctness. See TENN. R. APP. P. 13(d).

## III. Law and Analysis

It is well settled in this state that habeas corpus relief is available "only when 'it appears upon the face of the judgment of the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). This requirement has not been met in the case at hand. Mr. Love asserts that the State of Wisconsin had no authority under the laws of that state to contract for his removal to the custody of an out of state private facility. Tennessee courts may not be invoked in habeas corpus actions to challenge the propriety of a sister state's proceedings for the enforcement of its laws. See State v. Llewelyn, 286 S.W.2d 590, 592 (Tenn. 1955); State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). Moreover, insofar as the petition questions the validity of the contract between the State of Wisconsin and the CCA, it would appear that the State of Wisconsin would be a necessary and indispensable party to such an action. See Geiger v. Pitzer, No. W1999-01776-COA-R3-CV, 2000 WL 557867, *1 (Tenn. Ct. App. May 4, 2000). Accordingly, the trial court correctly dismissed Mr. Love's petition for habeas corpus relief.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Michael D. Love, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE