IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs December 14, 2000

## EMANUEL JOHNSON v. DOCTOR CRANTS, ET AL.

**A Direct Appeal from the Circuit Court for Hardeman County**
**No. 9279    The Honorable Jon Kerry Blackwood, Judge**

---

**No. W2000-01587-COA-R3-CV - Filed January 31, 2001**

---

Inmate, a State of Wisconsin prisoner in custody at a private correctional facility in Tennessee pursuant to a contract between the State of Wisconsin and the facility, filed a petition for writ of habeas corpus against respondent, the chief executive officer of the private correctional facility and the warden of the private facility. The petition alleges, in substance, that the act of the State of Wisconsin in sending the prisoner to a private correctional facility out of the state waived its jurisdiction over the inmate, voided his sentence, and released him from custody. The trial court dismissed the petition for failure to state a claim upon which relief can be granted, and inmate has appealed. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Emanuel Johnson, Pro Se

No appearance for appellees

### OPINION

Petitioner, Emanuel Johnson, an inmate at Whitehaven Correctional Facility, filed a petition for habeas corpus against respondents, Doctor R. Crants and Percy H. Pitzer, Warden. The petitioner seeks relief from the correctional facility contending that when he was transferred by the State of Wisconsin outside the state, that state waived jurisdiction over him, released him from custody, and voided the remainder of his Wisconsin prison sentence. The trial court dismissed the petition for failure to state a "cause" upon which relief can be granted. Petitioner has appealed.

A determination of whether a complaint states a claim upon which relief can be granted obviously requires that the court consider only the allegations of the complaint. *Wolcotts Financial Services, Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). In making the determination

of whether the complaint states a claim upon which relief can be granted, the court must construe the allegations in the petitioner's favor and accept the allegations of fact as true. However, the inferences to be drawn from the facts or the legal conclusions set forth in a complaint are not required to be taken as true. *Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997).

It is well settled in this state that habeas corpus relief is limited and available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority over the defendant or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). This requirement has not been met in this case. To the contrary, the petitioner asserts that the State of Wisconsin had no authority under the law of that state to contract for the removal of petitioner to the custody of an out of state private facility. The trial court correctly dismissed the petition. Tennessee courts may not be invoked in habeas corpus actions to challenge the propriety of a sister state's proceedings for the enforcement of its laws. *See State v. Llewelyn*, 199 Tenn. 292, 286 S.W.2d 590 (1955)(cert. denied 351 U.S. 958, 76 S.Ct. 854, 100 L.Ed. 1480); *State v. Warren*, 740 S.W.2d 427 (Tenn. Crim. App. 1986). Moreover, insofar as the petition questions the validity of the contract between the State of Wisconsin and the correctional facility, it would appear that the State of Wisconsin would be a necessary and indispensable party to such an action. *See Geiger v. Ptizer*, No. W1999-01776-COA-R3-CV, 2000 WL 557867 (Tenn. Ct. App. 2000).

Accordingly, the order of the trial court dismissing the petition is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Emanuel Johnson, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.