RObert H. Hall

*v.*

Henry M. Heer, Warden, Tennessee State Penitentiary.

398 S.W.2d 71.

(*Nashville,* December Term, 1965.)

Opinion filed January 5, 1966.

Robert H. Hall, per se.

George F. McCanless, Attorney General, and Douglas M. Fisher, Special Counsel, Nashville, for the state.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Plaintiff in error filed his petition for the writ of *habeas corpus* complaining of being confined in the maximum security portion of the prison without reason and was thus being deprived of ''the privileges and his restricted freedom enjoyed by the other inmates of the prison,'' that ''such punishment constitutes prejudicial treatment against him; and further, that it constitutes cruel and inhuman punishment, a violation of the petitioner's constitutional right of the Eighth Amendment which provides that no cruel or unusual punishment be inflicted.''

In this petition a hearing was requested so that the petitioner ''can show the court that he is at present being denied his due privileges and is being punished in a cruel and unusual manner.'' The trial judge dismissed the petition under authority of an opinion released by this Court on March 4, 1965, of *State ex rel. Clarence LeRoy Jordan v. Bomar,* 217 Tenn. 494, 398 S.W.2d 724. In this case we fully considered the questions here involved and under the authority of this case the trial judge was amply justified and correct in dismissing this petition.

It is well settled in this State that one in prison under judicial authority may obtain relief by writ of *habeas corpus* only where the sentence is void, not merely

voidable; or where the term of imprisonment has expired. *Adams v. Russell,* 179 Tenn. 428, 430, 167 S.W.2d 5.

The Assistant Attorney General has in his brief cited 155 A.L.R. 145, as an annotation which to some extent covers the question of whether or not a *habeas corpus* is a proper ground for remedy under cases of this kind, that is, where the prisoner alleges unlawful treatment during his legal custody. We have read this annotation and find that there are some cases cited therein where the courts did take jurisdiction under such circumstances, or facts were shown and the courts passed on these facts, but these cases do not follow the rule adopted in this State. We find cited therein the Federal case of *Platek v. Aderhold,* 5 Cir., 73 F.2d 173, where the court among other things said:

"The court has no power to interfere with the conduct of the prison or its discipline, but only on habeas corpus to deliver from the prison those who are illegally detained there."

. This case was cited in another Federal case, that of *Sarshik v. Sanford,* 5 Cir., 142 F.2d 676 (a case from Georgia), wherein that court in a Per Curiam Opinion said:

"The courts have no function to superintend the treatment of prisoners in the penitentiary, but only to deliver from prison those who are illegally detained there."

This same rule seems to be that as followed by the English Courts wherein more than a hundred years ago in *Re Rogers,* 7 Jur. (Eng.), 992, it was said:

"It is quite clear that we cannot entertain this application. The object of the writ of habeas corpus is, generally, to restore a person to his liberty, not to pronounce a judgment as to the room or part of a prison in which a prisoner ought to be confined."

We think these quotations state a sound principle that should be followed in a question of this kind, and consequently adopt them as the correct rule to apply under situations of the kind herein presented, otherwise it would take all the courts in the country to supervise the conduct of the administrative officials of a prison in the discipline of prisoners in the prison.

Under the allegations and circumstances of this petition we think the trial judge was eminently correct, and his judgment must be affirmed.