**STATE of Tennessee, Appellee,**

v.

**Thomas R. WARREN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 23, 1986.

Permission to Appeal Denied by Supreme Court Sept. 8, 1987.

Lee W. Ramsey, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., William Barry Wood, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DUNCAN, Judge.

The issue in this case is whether the trial court erred in dismissing Thomas R. Warren's petition for a writ of habeas corpus. We find no error.

Warren is currently incarcerated in the Tennessee Department of Correction where he is serving a ninety-nine (99) year sentence for the offense of rape.

In February, 1985, Warren filed a petition in the trial court for a writ of habeas corpus. Counsel was appointed to represent him, and subsequently an amended petition was filed. In his petition, Warren challenged the legality of a detainer lodged against him with the Tennessee authorities by the State of Ohio. The detainer was based upon a charge of probation violation concerning Warren's prior probated sentence for an offense in Ohio.

In his petition and at the evidentiary hearing, Warren claimed that he had complied with the provisions of the Interstate Compact on Detainers, T.C.A. § 40–31–101, *et seq.*, in an effort to obtain a speedy hearing in Ohio on the probation violation charge, but that Ohio had refused to grant a hearing and had failed to remove the

detainer. Warren claimed that as a result of the pending Ohio detainer, he was ineligible to be considered for participation in various programs within the Tennessee institution. Therefore, he argued to the trial court that he was entitled to habeas corpus relief, and that the trial court should rule that the detainer was invalid and of no effect.

The trial court declined to so rule and dismissed Warren's petition. We find that the trial court ruled correctly.

■ Initially, we point out that the Interstate Compact on Detainers does not apply to detainers based on probation violation charges. *Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *Blackwell v. State,* 546 S.W.2d 828 (Tenn. Cr.App.1976). At any rate, the trial court properly declined to rule upon the validity of the Ohio detainer because the jurisdiction of Tennessee courts may not be invoked in habeas corpus actions to challenge the propriety of a sister state's proceedings for the enforcement of its laws. *State v. Llewelyn,* 199 Tenn. 292, 286 S.W.2d 590 (1955), *cert. denied,* 351 U.S. 958, 76 S.Ct. 854, 100 L.Ed. 1480; *see also State ex rel. Lea v. Brown,* 166 Tenn. 669, 64 S.W.2d 841 (1933).

■ Further, the office of the writ of habeas corpus is to test the legality of the imprisonment or restraint of one who is being illegally detained. T.C.A. § 29–21–101. Our Supreme Court has held that the writ of habeas corpus will not lie to challenge the denial of prison privileges and related internal matters, but is only available where a prisoner's sentence is void or his term of imprisonment has expired. *Hall v. Heer,* 217 Tenn. 392, 398 S.W.2d 71 (1966); *State ex rel. Jordan v. Bomar,* 217 Tenn. 494, 398 S.W.2d 724 (1965). In short, the only relief that can be given a prisoner in a state habeas corpus proceeding is release. *Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968).

■ In the present proceeding, Warren is not seeking release, as he does not contest the validity of the judgment under which he is confined; rather, his complaint only relates to the possible denial of certain privileges because of the Ohio detainer that has been lodged against him, and as we have said, habeas corpus relief is not available to solve problems of that nature.

Therefore, for all of the above reasons, we find that the trial court properly dismissed Warren's petition. The judgment is affirmed.

TATUM and CORNELIUS, JJ., concur.