# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1997

FILED

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIE LEE HENDERSON,** | ) | **C.C.A. NO. 01C01-9607-CR-00304** |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ANN LACY JOHNS** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Writ of Habeas Corpus Relief)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

WILLIE LEE HENDERSON Pro Se          JOHN KNOX WALKUP
Special Needs Facility/Unit 10       Attorney General and Reporter
7575 Cockrill Bend Industrial Rd.
Nashville, TN 37209-1057             MICHAEL J. FAHEY, II
                                     Assistant Attorney General
                                     450 James Robertson Parkway
                                     Nashville, TN 37243

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# <u>ORDER</u>

On July 5, 1995, Appellant, Willie Lee Henderson, filed a petition for a writ of habeas corpus in the Davidson County Criminal Court. In January of 1996, the petition was dismissed by that court without a hearing. Appellant appeals from the trial court's summary dismissal of his petition.

After a review of the record, we affirm pursuant to Criminal Court of Appeals Rule 20.

In March of 1948, Appellant was sentenced to ninety-nine years in the Tennessee Department of Corrections following a conviction for murder. In October of 1974, his sentence was commuted by Governor Winfield Dunn. Appellant was released on November 13, 1974 and placed on five years of supervision. In 1978, Appellant was involved in an incident which resulted in his being convicted of kidnaping with intent to rob, robbery and criminal sexual conduct in the first degree. As a result of these convictions, on September 17, 1979, Governor Lamar Alexander revoked Appellant's commutation.

Appellant contends that the revocation of his commutation occurred after the expiration of his original sentence would have occurred had he remained imprisoned and good and honor time were taken into account. He argues that the trial court erred in refusing to hold an evidentiary hearing on this issue and in dismissing his petition for lack of subject matter jurisdiction.

It is well settled that habeas corpus relief is available only when it appears on the face of the judgment that a conviction is void or when the petitioner's term of imprisonment has expired. Tenn. Code Ann. § 29-21-101; State v. Archer, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, "the only relief that can be given a prisoner in a state habeas corpus proceeding is release." State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). In the matter sub judice, Appellant does not contest the validity of the convictions for robbery, kidnaping and criminal sexual conduct. Habeas corpus relief does not lie when the petitioner is rightfully imprisoned under a valid judgment and immediate release is not an option.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE