# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL SESSION, 1999

FILED

June 22, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JOSHUA DEAN FORD, | ) | C.C.A. NO. 03C01-9810-CR-00378 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | HON. PHYLLIS H. MILLER |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Petition for Writ of Habeas Corpus) |

FOR THE APPELLANT:

JOSHUA DEAN FORD
Pro Se
NECC Annex, P. O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

GREELEY WELLES
District Attorney General
Sullivan Co. Justice Center
Blountville, TN  37617

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

The petitioner, Joshua Dean Ford, appeals the order of the Sullivan County Criminal Court dismissing his petition for writ of habeas corpus. The petitioner is presently serving consecutive sentences of nine (9) years for the offense of vehicular homicide and one (1) year for the offense of failure to appear. In his *pro se* petition for writ of habeas corpus, he claims that his conviction for failure to appear is void, and the sentence he received for that conviction is illegal. The trial court summarily dismissed the petition without appointment of counsel. After a thorough review of the record before this Court, we affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

It is well-established that habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered,' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)(citation omitted in original). The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that the judgment of conviction is void or that his term of confinement has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner does not challenge the legality of his conviction for vehicular homicide, nor does he assert that his nine (9) year sentence for that conviction has expired. He merely claims that his conviction for failure to appear is void. However, "the only relief that can be given a prisoner in a state habeas corpus proceeding is release." State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App.

1986). The petitioner's sentences for vehicular homicide and failure to appear were ordered to run consecutively. Therefore, even if the petitioner could demonstrate that his conviction for failure to appear is void, he would not be entitled to immediate release until he can demonstrate that this conviction is the sole basis for his detention. Since the petitioner is in the custody of the Tennessee Department of Correction for his vehicular homicide conviction, the petition is premature and fails to qualify as warranting a writ of habeas corpus.

Because the petition failed to state a claim which would entitle him to habeas corpus relief, the trial court properly dismissed the petition. *See* Tenn. Code Ann. § 29-21-109. Accordingly, we affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Costs of the appeal will be paid by the State of Tennessee as it appears that the petitioner is indigent.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
NORMA MCGEE OGLE, JUDGE