IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## LUTHER ROBERT BROWN, III v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C43,385     R. Jerry Beck, Judge**

---

**No. E1999-02290-CCA-R3-CD**
**February 23, 2001**

---

The petitioner, Luther Robert Brown, III, appeals from the Sullivan County Criminal Court's summary dismissal of his petition for the writ of *habeas corpus*. Brown seeks relief from a "parole hold" that Tennessee officials have caused to be placed upon him within the Virginia prison system. According to the allegations of his petition, the parole hold has resulted in the Virginia prison system denying him inmate privileges to which he would otherwise be entitled. Additionally, he complains that he has not been granted a Tennessee parole hearing even though he has served his Tennessee sentence past the release eligibility date. Because we agree with the lower court that these complaints are not cognizable in a *habeas corpus* proceeding, we affirm the lower court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Mary Katherine Harvey, for the Appellant, Luther Robert Brown, III.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Counsel for the State; H. Greeley Wells, District Attorney General; Terry L. Jordan, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In this case, the *habeas corpus* petitioner seeks relief from a "parole hold" placed upon him by the State of Tennessee while he is serving a sentence in the Commonwealth of Virginia. He alleges that the parole hold is a result of his conviction of a crime in Tennessee, for which he is serving a shorter, concurrent sentence to his Virginia sentence. He complains that Tennessee's parole has resulted in his loss of privileges within the Virginia prison system, such as opportunities

to earn income, sentence credits and early release. He also alleges that he has never received a parole hearing, even though he has reached his release eligibility date.[1] The lower court summarily dismissed the petition, finding that the petitioner had not raised a cognizable claim for *habeas corpus* relief. On appeal, the petitioner challenges the dismissal of his claim without a hearing. Because we agree with the lower court that the petitioner has not raised a cognizable claim, we affirm its judgment.

On July 26, 1999, the petitioner received a ten-year sentence in the Sullivan County Criminal Court for the crime of theft. The court ordered that the sentence be served concurrently with the sentence the petitioner was then serving in the Commonwealth of Virginia. According to the allegations of the petition, the Virginia sentence is in excess of 34 years, and the petitioner is not eligible for "mandatory parole" until November 13, 2014.

On November 8, 1999, the petitioner filed the instant action, alleging that he was being deprived of certain privileges by Virginia authorities because Tennessee had placed a parole hold on him, which operates as a detainer against him in the Virginia prison system.[2] He sought removal of the parole hold. He reasoned that he will exhaust service of his Tennessee sentence more than eight years prior to completion of his Virginia sentence, and therefore, the parole hold is "moot." He also claimed that his release eligibility date for the Tennessee sentence has come and gone without a parole hearing, and he will not receive a Tennessee parole hearing in the future while "completing the Virginia [s]entences as now standing." For these reasons, he sought an order directing Tennessee authorities to remove the parole hold which was restraining him from prison privileges in Virginia. Notably, the petitioner never alleged that he was being held on a void judgment or that he was being held past the expiration of his term of imprisonment. The trial court dismissed the petition without a hearing.

In this appeal, the petitioner raises two concerns. He complains that the trial court dismissed his petition without a hearing when he had alleged a cognizable claim of deprivation of constitutional rights. He also complains that he has received neither a Tennessee parole hearing nor a hearing extending his release eligibility date, contrary to Code section 30-35-501.

We reach the merits of neither claim, however, as these claims are not the proper subjects for *habeas corpus* relief. *Habeas corpus* relief is very limited because it is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v.*

---

[1] It is somewhat ambiguous whether the petition actually seeks relief in the form of a parole hearing. Because we do not reach the merits of such a claim, it is unnecessary for us to determine whether that form of relief was actually requested below. For purposes of our analysis, we therefore assume, without actually deciding, that the claim was properly raised.

[2] The petitioner alleges that Tennessee placed the parole hold on him on December 23, 1994. The defendant's crime was committed in August 1994, but the resulting prosecution was not resolved until July 1999.

*State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). The sole remedy afforded a successful *habeas corpus* petitioner is release from his confinement. *State v. Warren*, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986).

In determining whether the petitioner's claim that the parole hold should be lifted is a proper subject for *habeas corpus* relief, we find it determinative that this claim does not encompass an allegation that the hold somehow renders the petitioner's sentence expired or void.[3] Moreover, the relief sought – removal of the parole hold – is not a form of relief that we are empowered to grant in a *habeas corpus* proceeding. Presumably, the lodging of the parole hold is an action of the Department of Correction, a state agency. Any redress for the Department's action would therefore come through the Uniform Administrative Procedures Act. *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); *see* Tenn. Code Ann. §§ 4-5-101 to -325 (Uniform Administrative Procedures Act).

Insofar as the complaint that the petitioner has not been granted a parole hearing is concerned, the proper procedure to review actions of the Board of Paroles is not in a *habeas corpus* proceeding, but by petition for a common law writ of *certiorari*. *See, e.g., Thandiwe v. Traughber*, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994); *Brigham*, 755 S.W.2d at 471. Additionally, the remedy sought – the grant of a parole hearing – is not one which this court is empowered to grant in a *habeas corpus* proceeding. *See Warren*, 740 S.W.2d at 428.

It is well-settled law that a *habeas corpus* petition that does not state a cognizable claim may be dismissed without the necessity of holding a hearing or appointing counsel for the petitioner. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because the petitioner did not state a cognizable claim in his petition, the lower court did not err in dismissing the petition without conducting a hearing.

Finally, we have not overlooked the possibility that the lower court had the authority to consider the *habeas corpus* petition as a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-205(c) (1997). However, the claims alleged, if taken as true, do not render the petitioner's conviction or sentence void or voidable because of constitutional deprivation. *See* Tenn. Code Ann. § 40-35-203 (1997). As the court of appeals has noted, prisoners do not have a constitutional right to serve their sentences in a particular facility where they would be able to participate in a work release program or to earn sentence credits. *France v. Bradley*, 922 S.W.2d 118, 119 (Tenn. Ct. App. 1995) (citing decisions of the United States Supreme Court). It follows, then, that prisoner "privileges" are just that -- privileges, not constitutional rights. Further, a prisoner has no constitutional right to conditional release prior to expiration of his sentence. *Greenholtz v. Inmates*

---

[3] The petitioner's primary claim is not the denial of prison privileges itself, but rather the imposition of the parole hold. Indeed, the actual denial of privileges is an action of the Virginia prison system and therefore beyond the jurisdiction of the Tennessee judiciary. In any event, the denial of prison privileges is not a proper subject for issuance of the writ of *habeas corpus*. *Hall v. Heer*, 217 Tenn. 392, 398 S.W.2d 71 (Tenn. 1966); *see also Warren*, 740 S.W.2d at 428 (Tennessee prisoner who claimed that Ohio detainer deprived him of prison privileges in Tennessee did not state a cognizable claim for *habeas corpus* relief).

*of the Neb. Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979); *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998); *see* Tenn. Code Ann. § 40-35-503(b) (1997) (release on parole is a privilege, not a right).  There being no constitutional concern present, there could likewise be no constitutional deprivation rendering the petitioner's conviction or sentence void or voidable.  Additionally, post-conviction relief is not proper because, as noted above, the avenues of redress for the alleged wrongs the petitioner claims he has suffered are via other forms of legal action.

For all of these reasons, the judgment of the lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE