# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 30, 2001

## LARRY L. HALLIBURTON v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Madison County
### No. C-00-298    Donald H. Allen, Judge

_____

### No. W2001-00755-CCA-R3-CO - Filed January 30, 2002

_____

A claim that a guilty plea was not knowingly and voluntarily entered because of coercion is not cognizable in a *habeas corpus* proceeding. We affirm the trial court's denial of the writ.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES, J., joined and JAMES CURWOOD WITT, JR., J., concurred in the result.

Larry Halliburton, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner Larry Lee Halliburton pled guilty to theft and possession of stolen property in Madison County, Tennessee, Circuit Court on January 29, 1992. On February 6, 1992, petitioner was sentenced as a Range III offender to twenty-seven (27) years in the Tennessee Department of Correction. He filed his *pro se* application for Writ of *Habeas Corpus* in the same court on August 30, 2000. Petitioner alleged that his guilty plea was not knowingly and voluntarily made because it was coerced.

The state filed a motion to dismiss petitioner's petition on September 27, 2000. The state's motion was granted by order entered September 28, 2000. Petitioner filed a "Motion to Reconsider Order" on October 13, 2000. Petitioner's untimely notice of appeal followed on November 24, 2000. However, Rule 4 of the Tennessee Rules of Appellate Procedure allows us to waive the timely filing of a notice of appeal, and we do so in this instance.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek *habeas corpus* relief. A writ of *habeas corpus* is granted only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); see also Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). It is the petitioner's burden to establish either of these preconditions. See Tenn. Code Ann. § 29-21-101. If the petitioner so establishes by a preponderance of the evidence, then he is entitled to immediate release. See State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). However, a trial court may summarily dismiss a petition for writ of *habeas corpus* without an evidentiary hearing if nothing on the face of the judgment indicates that the conviction is void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Unlike the post-conviction petition, the purpose of the *habeas corpus* petition is to contest void and not merely voidable judgments. See State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). Thus, the petitioner cannot collaterally attack a facially valid conviction in a *habeas corpus* proceeding. State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887 (1963); Ferguson v. State, No. W2000-00936-CCA-R3-CO, 2000 WL 1863514, at *3 (Tenn. Crim. App., at Jackson, Dec. 1, 2000). "*Habeas corpus* relief is not available where an appellant alleges only that facially valid judgments may be voided upon the introduction of further evidence and appropriate findings." McMillan v. State, No. M2000-1929-CCA-R3-PC, 2000 WL 1611058, at *2 (Tenn. Crim. App., at Nashville, October 27, 2000); see Potts, 833 S.W.2d at 62. "A voidable conviction or sentence is one [that] is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (citing Dykes v. Compton, 978 S.W.2d 528-29 (Tenn. 1998); Archer, 851 S.W.2d 161-64); see also State v. Ritchie, 20 S.W.3d 624, 631 (Tenn. 2000)). Further, a showing by the petitioner that the judgment of the sentencing court is void for lack of jurisdiction may only be based upon the original trial record itself. Ritchie, 20 S.W.3d at 633.

In the instant case, petitioner is seeking to set aside his conviction based upon his contention that his guilty plea was not knowingly and voluntarily made. Petitioner's claim is based on remarks by the district attorney general contained in a letter to petitioner's attorney stating, "If [petitioner] doesn't want to plead guilty, [the assistant district attorney general] may have some bad news for him in Federal Court." Petitioner asserts that this amounted to a threat and resulted in a coerced guilty plea.

We conclude that petitioner's allegations regarding such remarks are outside the record of the original trial. As such, they do not fall within the purview of a *habeas corpus* proceeding. Further, nothing on the face of the judgment indicates that the trial court was without jurisdiction or that petitioner's sentence has expired. Hence, the judgment of the trial court is not void, and *habeas corpus* relief is not proper.

Judgments based upon invalid guilty pleas are voidable and should be challenged through a petition for post-conviction relief. Archer, 851 S.W.2d at 164. Petitioner in the instant case failed to meet the statutory time limit for filing for post-conviction relief and is therefore precluded from raising this issue.

Lastly, even if this was a proper issue for *habeas corpus* review, the petition was not filed in the proper venue. *Habeas corpus* procedural provisions are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Tennessee Code Annotated § 29-21-105 requires an application for writ of *habeas corpus* to be "made to the court most convenient in point of distance to the applicant," unless a sufficient reason is given for not applying to such court. This usually means the application must be filed in the county of incarceration. Lewis v. Metropolitan General Sessions Court of Nashville, 949 S.W.2d 696, 700 (Tenn. Crim. App.1996). In the instant case, the petition was filed in Madison County, and the petitioner is incarcerated in Lake County.

## CONCLUSION

Accordingly, we affirm the ruling of the lower court.

_____
JOHN EVERETT WILLIAMS, JUDGE