# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MICHAEL K. KENNEDY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14003      Robert Holloway, Judge**

---

**No. M2003-02059-CCA-R3-HC - Filed November 12, 2004**

---

The Petitioner, Michael Keith Kennedy, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Michael Keith Kennedy, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On June 11, 1990, the Petitioner pled guilty before the Henderson County Circuit Court to the following: three counts of aggravated burglary; three counts of theft; one count of possession of burglary tools; and one count of aggravated assault.[1] Petitioner received a 6 year sentence for each

---

[1] According to the Petitioner's Brief, he also pled guilty to one count of production of marijuana, an additional count of aggravated burglary, and one count of second degree burglary before the Henderson County Circuit Court. Further, the Petitioner's Brief states that he also pled guilty in Dickson County to one count of aggravated kidnapping and one count of aggravated robbery. However, the record contains no judgments from these other counts and, therefore, they will not be considered by this Court.

of the three aggravated burglary convictions with the sentences to be served concurrently with each other, but consecutive to his sentences from Chester Circuit No. 3118 and Madison Circuit No. 90-54.[2] Petitioner received a 3 year sentence for each of the three theft convictions to be served concurrently with the count 1 aggravated burglary conviction. Petitioner received a 2 year sentence for the possession of burglary tools conviction and a 6 year sentence for the aggravated assault conviction, each to be served concurrently with the count 1 aggravated burglary conviction.

On May 2, 2003, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He asserted that his sentence had expired, but the Tennessee Department of Correction had miscalculated his pretrial jail credits. On June 26, 2003, the trial court issued an order denying the Petitioner's application for habeas corpus relief. The Petitioner filed his notice of appeal in the trial court on August 6, 2003.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Petitioner alleges that the Department of Corrections has miscalculated his sentence, and his sentence has expired. However, based upon the record before us, there is no proof that Petitioner's sentence has expired. Although the Petitioner alleges that he is entitled to pretrial jail credits, the record is devoid of any documentation of when, or if, the Petitioner served any time pre-trial.

Even if the Petitioner's claim of sentence reduction miscalculation had merit, an habeas corpus proceeding would not be appropriate because "complaints regarding sentence credit miscalculations that relate to release eligibility short of full service of the sentence do not warrant habeas corpus relief." Hancock v. State, No. 01C01-9710-CR-00489, 1998 WL 453682, at *1 (Tenn. Crim. App., at Nashville, July 30, 1998), *perm. to appeal denied* (Tenn. Feb. 16, 1999); see also, State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). The Petitioner attempts to distinguish his case from Hancock, however, there is no evidence to support the Petitioner's contention that his judgment is void for failure to comply with statutory requirements. Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

---

[2] These two cases are mentioned in the record but there is no further information in the record regarding these judgments.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE