# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 10, 2007

## RUDELL FUNZIE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 05-CR-8737      R. Lee Moore, Jr., Judge**

---

### No. W2006-00174-CCA-R3-HC   - Filed July 9, 2007

---

The petitioner appeals the denial of habeas corpus relief by the Lake County Circuit Court from his imprisonment for three 1982 armed robbery convictions.   On appeal, the petitioner claims that he was sentenced to serve concurrent twenty-five year sentences at thirty-five percent and that because he has served that percentage of the sentences, his sentences have expired.  We hold that the trial court properly dismissed the petition and affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Jim W. Horner, District Public Defender, and Patrick R. McGill, Assistant Public Defender, for the appellant, Rudell Funzie.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to allegations of the petition, the petitioner was sentenced on October 6, 1982, to three concurrent twenty-five year sentences.  The petitioner alleged that his sentences expired in 2001 and that he was being illegally restrained in the Department of Correction.

At the hearing on the petition, the state presented the testimony of Carla Hopper, a record clerk with the Department of Correction.[1]  She testified that the petitioner was released on parole on December 9, 1991, that he absconded from parole on March 6, 1995, that a violation warrant issued on September 14, 2004, and that his parole was revoked on October 8, 2004.  She said that "[t]he

---

[1]Ms. Hopper was not identified on the record at the hearing other than as "the lady from the prison," although a subpoena in the technical record identifies her as a record clerk with the Department of Correction.

Board of Paroles added a delinquent time back to his sentence." She said his sentence expiration date was June 18, 2013.

The petitioner testified at the hearing. He claimed that various sentencing credits operated to reduce his sentence and that before he was paroled in 1991, he had already served his sentences in their entirety. He referred to various documents, which were introduced as exhibits at the hearing. The trial court denied relief, determining that the petitioner's claim related to sentencing credits and not expiration of his sentences.

In this state, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101; Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

In the trial court, the petitioner claimed that various calculations and reductions resulted in his having already served his sentences. On appeal, he asserts that he has served the required thirty-five percent of his twenty-five year sentences, which he argues equates to expired sentences. The petitioner's appellate position is contrary to the law. A defendant has no right to the privilege of parole. See T.C.A. §§ 40-28-117(a); 40-35-503(b). The authority to grant parole is vested exclusively in the board of probation and parole, and the granting of parole is a discretionary matter. Doyle v. Hampton, 207 Tenn. 399, 403, 340 S.W.2d 891, 893 (1960). Further, a prisoner does not have an absolute right to be released on parole when he has served the minimum term for his conviction. State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839, 840-41 (1969).

As this court has often recognized, a habeas corpus action is not the proper means by which to challenge the denial of prison privileges and related internal prison matters that have no bearing on the validity of the restraining conviction, the resulting sentence, or the expiration of the sentence. See, e.g., State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). Issues relative to the Department of Correction's calculation of sentencing credits and parole dates are handled through the Administrative Procedures Act. See T.C.A. §§ 4-5-101 to -325; Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). As such, the trial court properly dismissed the petition.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE