# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 22, 2009

## RONALD EDWARD WALKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3712    Mark J. Fishburn, Judge**

---

**No. M2008-01242-CCA-R3-HC - Filed August 17, 2009**

---

Petitioner, Ronald Edward Walker, sought habeas corpus relief for his convictions for aggravated kidnapping, aggravated assault, and robbery. Petitioner argued that his sentences were illegal because the trial court ordered the sentences to be served concurrently despite the fact that Petitioner was on bail for a burglary charge at the time he committed the offenses. While the petition for habeas corpus relief was pending, this Court issued an opinion in another one of Petitioner's cases. *See Ronald E. Walker v. Ricky Bell, Warden*, No. W2006-00644-CCA-R3-HC, 2007 WL 121730 (Tenn. Crim. App., at Jackson, Jan. 18, 2007) ("*Walker I*"). This Court concluded that Petitioner's sentences for aggravated kidnapping, aggravated assault, and robbery were illegal but determined that the error was "clerical" and did "not merit habeas relief." *Id.* at *4. The matter was remanded to the trial court for entry of corrected judgments. *Id.* The habeas corpus court in the case herein denied the petition for habeas corpus relief but granted Petitioner forty-five days to supplement the record with further documentation. Petitioner supplemented the record with additional documentation relating to his convictions. The habeas corpus court entered a "Supplemental Memorandum Opinion," in which it determined that Petitioner was not entitled to relief because of this Court's decision in *Walker I*. Petitioner now seeks an appeal of that decision. On appeal, Petitioner argues that the habeas corpus court improperly dismissed his petition and asks this Court to vacate the judgment of the trial court and remand the case for resentencing. After a review of the record, we determine that this Court has previously ruled on Petitioner's argument and that he is not entitled to habeas corpus relief. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

J. Chase Gober, Nashville, Tennessee, for the appellant, Ronald Edward Walker.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In December of 2005, Petitioner filed a pro se petition for writ of habeas corpus in Davidson County. In the petition, Petitioner alleged that he was serving a life sentence after being convicted of aggravated kidnapping on June 26, 1986. Petitioner alleged that his sentence was illegal because the trial court ran his life sentence for aggravated kidnapping concurrently with his conviction for "burglary II" for which he was released on bond at the time of the aggravated kidnapping conviction. Petitioner references several convictions in his petition. Petitioner was arrested for burglary in November of 1984 and released on bond. Subsequently, Petitioner was arrested for receiving stolen property, grand larceny, aggravated kidnapping, aggravated assault, and robbery in January of 1985. The supporting documentation reflects that Petitioner pled guilty to "burglary II," receiving stolen property, and grand larceny in March of 1986 and received a sentence of three years for each offense. The trial court ordered the sentence for the burglary conviction to be served concurrently with the sentences in case number 85-00269, for receiving stolen property, and case number 85-03572, for grand larceny. The record also reflects that Petitioner was found guilty by a Shelby County jury of aggravated kidnapping, aggravated assault, and robbery on June 26, 1986. Petitioner received a life sentence for the aggravated kidnapping conviction, a fifteen-year sentence for the robbery conviction, and a ten-year sentence for the aggravated assault conviction. The trial court ordered the life sentence to be served concurrently with the sentences in case number 85-02084, for aggravated assault; case number 85-02085, for robbery; case number 85-0120, for burglary; case number 85-00269, for receiving stolen property; and case number 85-03572, for grand larceny.

After Petitioner filed the writ, the habeas corpus court filed an order appointing counsel to represent Petitioner. An amended petition was filed in August of 2006. The State responded with a motion to dismiss the petition. The habeas corpus court held a hearing on the petition on January 5, 2007, and took the matter under advisement.

On January 18, 2007, this Court issued an opinion in *Walker I*. Prior to the filing of the habeas corpus petition at issue herein, Petitioner had apparently filed another habeas petition "contending that he received an illegal sentence that was used to enhance the sentence that he [was] presently serving, and that the sentence that he is presently serving is void on its face." 2007 WL 121730, at *1. In that petition, Petitioner argued that "the trial court lacked authority to impose concurrent sentences for his burglary, receiving stolen property, and grand larceny offenses because he was released on a $2,500 bail bond for his burglary charge when he committed the offenses of grand larceny and receiving stolen property." *Id.* As a result, Petitioner argued that the illegal sentences were then improperly used to enhance his sentences for aggravated kidnapping, aggravated assault, and robbery. *Id.* This Court determined that Petitioner failed to adhere to the mandatory requirements for habeas corpus relief by failing to verify the petition by affidavit but chose to address the petition on its merits nevertheless. *Id.* We determined that:

Petitioner is not currently imprisoned or restrained of liberty by his convictions for receiving stolen property, burglary, and grand larceny. Although these convictions were used to enhance the sentences he is currently serving, . . . this is not an adequate basis for habeas corpus relief when the sentences complained of were served and expired before the Petitioner filed a habeas corpus petition to challenge them.

*Id.* at *3. This Court also determined, however, that the trial court's order specifying that the sentences be served concurrently with the prior burglary convictions violated Tennessee Code Annotated section 40-20-111[1] but that the "illegality [of the sentence] is not so egregious as to void the sentences." *Id.* at *4. Therefore, the error was classified as "clerical in nature" and did not merit habeas corpus relief. The matter was remanded to the trial court for amendment of the judgments to reflect that the aggravated kidnapping, aggravated assault, and robbery convictions be served consecutively to the sentence for burglary. *Id.*

Apparently, the habeas corpus court in the case herein was unaware of this Court's decision in *Walker I* at the time it issued its memorandum opinion on February 14, 2007. In the February 14 opinion, the habeas corpus court noted that the trial court was actually "required to impose the Aggravated Kidnapping sentence consecutive to the Burglary II sentence" and that failure to do so resulted in a void sentence. The habeas corpus court found that it could not determine from the state of the record whether the sentence was truly void. As a result, the habeas corpus court granted Petitioner forty-five days to supplement the record to "establish that the illegal sentence was actually enforced by the Department of Correction and whether the sentence imposed was by agreement or by the trial judge after a hearing."

Petitioner supplemented the record with a negotiated plea agreement from his guilty plea for burglary, receiving stolen property, and grand larceny, that specified that the sentences were to run concurrently with each other. Additionally, Petitioner attached a copy of this Court's opinion in *Walker I* and argued that his plea agreement for concurrent sentences cannot be fulfilled. In order to remedy the situation, Petitioner suggested that he be allowed to withdraw his guilty pleas and that he was entitled to be resentenced on the aggravated kidnapping conviction. Subsequently, on May 7, 2008, the habeas corpus court entered a "Supplemental Memorandum Opinion." In the opinion, the habeas corpus court determined that it was bound by this Court's decision in *Walker I*. In other words, even though the trial court erred by ordering the burglary sentence to run concurrently with the life sentence for the aggravated kidnapping conviction, the error was clerical in nature and did not justify habeas corpus relief. Further, the habeas corpus court determined that Petitioner was not entitled to vacate his guilty pleas because the challenged judgments were not imposing a restraint on Petitioner's movement as the sentences had long expired. Finally, the habeas court determined that Petitioner was not entitled to relief on the aggravated kidnapping sentence because the underlying felony convictions were not void.

---

[1] Tennessee Code Annotated section 40-20-111(b) requires a sentence to be served consecutively when a "defendant commits a felony while the defendant was released on bail" and "the defendant is convicted of both offenses."

Petitioner filed a timely notice of appeal from the habeas corpus court's dismissal of the petition for relief.

*Analysis*

On appeal, Petitioner contends that he received "multiple or compounding illegal sentences as a result of the agreement he entered with prosecutors." Specifically, he argues that the trial court lacked jurisdiction or authority to impose concurrent sentences and that the mistakes were "more than a mere mistake or clerical error" and that he received "an illegal sentence as part of a plea agreement." The State disagrees, arguing that this Court has already ruled on Petitioner's request for habeas corpus relief, in *Walker I*, and that Petitioner's requests cannot be granted in a writ of habeas corpus.

We agree with the State. The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W .2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

This Court has already determined that Petitioner is not entitled to habeas corpus relief on his sentences. In *Walker I*, this Court determined that Petitioner's sentences for aggravated kidnapping, aggravated assault, and robbery contained clerical errors because the trial court ordered them to be served concurrently to Petitioner's burglary conviction rather than consecutively. *See Ronald E. Walker*, 2007 WL 121730, at *3. The matter was remanded for correction of the judgments. *Id.* at *4-5. In other words, Petitioner's case has been previously determined. Under the "law of the case" doctrine, issues which have been previously determined on appeal cannot be reconsidered. *Memphis Publ'g. Co. v. Tennessee Petroleum*, 975 S.W.2d 303, 306 (Tenn. 1998). "This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. *Ladd* [*v. Honda Motor Co., Ltd.*], 939 S.W.2d [83,] 90 [Tenn. Ct. App. 1996)]." *Memphis Publ'g. Co .*, 975 S.W.2d at 306.

Further, Petitioner takes a different theory of relief on appeal. He argues not that he is somehow entitled to have the guilty pleas for his convictions for receiving stolen property, burglary, and grand larceny vacated because they were illegally imposed pursuant to a negotiated plea agreement. It is well-settled that a defendant may not take one position regarding an issue in the trial court, then change his strategy or theory and advocate a different position on appeal. *State v. Leach*, 148 S.W.3d 42, 55 (Tenn. 2003); *Johnson v. State*, 38 S.W.3d 52, 60 n.8 (Tenn. 2001). Moreover, the relief that Petitioner requests is not cognizable in a habeas proceeding. Relief in habeas proceedings consists of immediate release from confinement. *State v. Warren*, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). Petitioner is serving a life sentence for aggravated kidnapping. The habeas corpus court properly dismissed the petition for relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY L. SMITH, JUDGE

-5-