IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2018 Session

**JOE CLARK MITCHELL v. DEBRA JOHNSON, WARDEN**

**Appeal from the Circuit Court for Hickman County**
**No. 2015-CV-55     James G. Martin, III, Judge**

_____

**No. M2017-01478-CCA-R3-HC**

_____

The Petitioner, Joe Clark Mitchell, appeals from the Hickman County Circuit Court's dismissal of his sixth petition for writ of habeas corpus. He contends that the judgments of conviction are void because this court lacked jurisdiction to modify his sentence without remanding to the trial court; the judgments from the appellate and trial courts are inconsistent and void; and the Giles and Maury County trial courts lacked jurisdiction to indict, convict, and sentence him. Upon review, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed Pursuant to Rule 20 of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Joseph D. Baugh, Franklin, Tennessee, for the Petitioner, Joe Clark Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Kim R. Helper, District Attorney General; and Robert Sanders, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1982, the Petitioner, armed with a gun and a hunting knife, struck a female victim several times with a large stick, forced her and another female victim into a house, raped one victim, and then set fire to the house. He later forced both victims into a car, drove them around, and raped the victim again. The victims eventually escaped, and the Petitioner was subsequently indicted for and convicted of the instant crimes. Ultimately, the Petitioner received an effective sentence of life plus thirteen years. Since his convictions, the Petitioner has engaged in prolific, yet largely unsuccessful appeals in

state and federal court. State v. Joe Clark Mitchell, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim. App., at Nashville, Apr. 7, 1998), perm. app. denied, (Tenn. Jun. 27, 1988); Joe Clark Mitchell v. State, No. 01-C01-9007-CC-00158, 1991 WL 1351 (Tenn. Crim. App., at Nashville, Jan. 11, 1991), perm. app. denied, (Tenn. Apr. 15, 1991); Joe Clark Mitchell v. State, No. M2002-02011-CCA-R3-CO, 2003 WL 22243287 (Tenn. Crim. App., at Nashville, Sept. 30, 2003), perm. app. denied, (Tenn. Dec. 29, 2003); Joe Clark Mitchell v. State, No. M2005-00229-CCA-R3-CO, 2005 WL 3115858 (Tenn. Crim. App., at Nashville, Nov. 21, 2005); Joe Clark Mitchell v. State, No. M2006-02023-CCA-R3-HC, 2008 WL 203649 (Tenn. Crim. App., at Nashville, Jan. 24, 2008); Joe Clark Mitchell v. State, M2008-01315-CCA-R3-HC, 2009 WL 1138127 (Tenn. Crim. App. April 28, 2009), perm. app. denied (Tenn. Sept. 28, 2009); Joe Clark Mitchell v. James Fortner, Warden, No. M2010-00269-CCA-R3-HC, 2010 WL 3516166 (Tenn. Crim. App. Sept. 9, 2010), perm. app. denied (Tenn. Feb. 16, 2011). For purposes of this appeal, his sixth petition seeking habeas corpus relief, we need not set out the facts or procedural history in full.

On November 10, 2015, the Petitioner filed the instant pro se petition for habeas corpus relief asserting that the Giles and Maury County trial courts did not have jurisdiction to indict, convict, or sentence the Petitioner because the grand jury and trial jury "were illegally impaneled and unlawful in their actions[;]" and that the judgments of the trial and appellate courts were "inconsistent and conflict[ed] with one another, therefore a nullity and in direct contravention with Tennessee law" making them void. On January 25, 2016, he filed an amended petition through counsel additionally arguing that his judgments were void because the appellate court failed to remand the case to the trial court for correction of the judgment form and "an entirely new sentencing hearing." The Petitioner acknowledged that he previously raised some of these issues in his Motion to Correct Illegal Sentence, but asserted that it "was never heard by any court."

In response, the State filed a Motion to Dismiss Petition for Writ of Habeas Corpus, which was amended on April 21, 2016. The State asserted that the Petitioner "failed to state any colorable claims with a *prima facie* showing of basic documentation to support them." Specifically, the State argued that the Maury County Circuit Court has explicit jurisdiction to preside over criminal matters, that the Petitioner failed to cite authority supporting his argument for the grand jury makeup, and that appellate courts have the authority to "vacate convictions for charged offenses and instate convictions for lesser-included offenses."

On July 12, 2017, the habeas corpus court granted the State's motion and dismissed the Petitioner's sixth petition for habeas corpus relief. The court found that the Petitioner "fail[ed] to establish cognizable grounds that would warrant habeas relief," that the petition failed to provide an adequate record or authority to support his argument that

the Giles and Maury county courts lacked jurisdiction, that the Petitioner's argument that the trial and appellate court judgments are inconsistent was previously adjudicated on the merits, and that the appellate court had jurisdiction to modify his conviction and sentence without remanding to the trial court.

It is from this judgment that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that the appellate court erred in modifying the Petitioner's conviction and sentence without remanding to the trial court; that the trial and appellate court judgments are inconsistent and, thus, void; and that the original trial court lacked jurisdiction to indict, convict, and sentence the Petitioner. The State responds that the appellate court properly modified the Petitioner's conviction; that the Petitioner's claim that the trial and appellate court judgments were inconsistent was previously adjudicated; and that the original trial court had proper jurisdiction to indict, convict, and sentence the Petitioner. Upon review, we agree with the State.

The grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint had expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. 326, 336 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v.

Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition[.]" Summers, 212 S.W.3d at 261.

Upon review of the record and applicable law, we conclude that the Petitioner is not entitled to habeas corpus relief and that the habeas court properly dismissed the petition. None of the Petitioner's claims render his judgments void. Contrary to the Petitioner's assertions, this court had statutory authority to modify his aggravated rape conviction and life sentence, see Tennessee Code Annotated section 40-35-402(c) (1982) (repealed), and was not required to explicitly order a remand for a new sentencing hearing. See T.C.A. §§ 40-35-102(c) (2014), 40-35-101(c) (1982 & Supp. 1987) (explicitly authorizing this court "to direct the entry of an appropriate sentence"); see State v. Mitchell, No. 87-152-III, 1988 WL 32362 (Tenn. Crim. App. Apr. 7, 1988), perm. app. denied (Tenn. June 27, 1988) (modifying the Petitioner's aggravated rape conviction to simple rape and reducing his sentence from life to thirteen years). To the extent that there is any inconsistency between the final judgment of this court and the trial court's original judgment form, the judgment of this court controls. See e.g. State v. Barry Waddell, No. 01C01-9801-CR-00016 (Tenn. Crim. App. at Nashville, June 1, 1999) (this court reduced the appellant's sentence and the case was not remanded to the trial court because the sentence, as modified, was imposed by this court after de novo review; therefore, additional proceedings were not necessary); Barry Waddell v. State, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393, at *1 (Tenn. Crim. App. Oct. 17, 2001) (trial court subsequently entered an amended judgment form to reflect the action of the Court of Criminal Appeals).

Additionally, there is no authority, and the Petitioner cites none, for his assertion that the Giles and Maury County trial courts lacked jurisdiction to indict, convict, and sentence him. See Tenn. Code Ann. §40-1-108 (providing that "circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal"); State v. Phillip W. Kelley, No. M2014-01230-CCA-R3-CD,

- 4 -

2015 WL 3473508 (Tenn. Crim. App. June 2, 2015), perm. app. denied (Tenn. Sept. 17, 2015) (affirming the petitioner's 1982 felony convictions when he was indicted by the Maury County Circuit Court and convicted and sentenced by the Giles County Criminal Court); see also Joe Clark Mitchell v. State, No. M2014-00754-CCA-R3-CD, 2015 WL 2400239 at *1-3 (Tenn. Crim. App. May 20, 2015), perm. app. denied (Tenn. Sept. 17, 2015) (rejecting similar issue raised in the petitioner's motion to correct illegal sentence and concluding that the Petitioner's "challenge to the process of choosing members of grand juries or petit juries, even if taken as true, would affect his convictions, not his sentences"). Accordingly, the Petitioner has not asserted a facially cognizable claim for habeas corpus relief. Because this opinion would have no precedential value and because no error of law requiring a reversal of the action is apparent on the record, we affirm the habeas corpus court's dismissal pursuant to Rule 20. See Tenn. Ct. Crim. App. R. 20.

## CONCLUSION

Upon review, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. MCMULLEN, JUDGE

- 5 -