IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2011 Session

**JAMES K. ROBBINS v. DAVID D. MILLS, WARDEN**
**AND STATE OF TENNESSEE**

Appeal from the Criminal Court for Morgan County
No. 9215     E. Eugene Eblen, Judge

No. E2010-02376-CCA-R3-HC - Filed March 1, 2012

The Petitioner, James K. Robbins, appeals as of right from the Morgan County Criminal Court's dismissal of his fourth petition for writ of habeas corpus. He contends that the judgment of conviction is void because he was sentenced illegally. Upon review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Robert L. Vogel, Knoxville, Tennessee, for the Petitioner-Appellant, James K. Robbins.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** The Petitioner was convicted of four counts of aggravated rape and one count of aggravated assault in the Scott County Criminal Court. He was sentenced as a Range II, especially aggravated offender to concurrent sentences of forty years for each aggravated rape conviction and six years for the aggravated assault conviction, for an effective sentence of forty years. This court affirmed the convictions on direct appeal, and the Tennessee Supreme Court denied the application for permission to appeal. See State v. James K. Robbins, No. 57, 1988 WL 132689 (Tenn. Crim. App., at Knoxville, Dec. 13, 1988), perm. app. denied (Tenn. Apr. 3, 1989). The Petitioner then filed a post-conviction petition in the Scott County Criminal Court, the convicting court, which was dismissed, and this dismissal was affirmed on appeal. See James K. Robbins v. State, No. 03A01-9012-CR-

00064, 1991 WL 105273 (Tenn. Crim. App., at Knoxville, Jun. 19, 1991), perm. app. denied (Tenn. Nov. 12, 1991).

Next, the Petitioner filed his first petition for writ of habeas corpus, which was dismissed, and this dismissal was affirmed on appeal. See James K. Robbins v. State, No. 03C01-9703-CC-00108, 1998 WL 252122 (Tenn. Crim. App., at Knoxville, May 20, 1998). The Petitioner filed a second habeas corpus petition in the Morgan County Criminal Court, which was also dismissed. See James K. Robbins v. State, No. 03C01-9903-CR-00095, 1999 WL 813484 (Tenn. Crim. App., at Knoxville, Oct. 5, 1999), perm. app. denied (Tenn. Apr. 10, 2000). This court subsequently affirmed the dismissal on appeal, and the Tennessee Supreme Court denied the application for permission to appeal. Id. The Petitioner filed a third petition for writ of habeas corpus in the Morgan County Criminal Court, which was dismissed, and this dismissal was affirmed on appeal. See James K. Robbins v. State, No. E2003-00868-CCA-R3-PC, 2004 WL 383309 (Tenn. Crim. App., at Knoxville, Mar. 1, 2004), perm. app. denied (Tenn. Sept. 13, 2004).

On May 9, 2006, the Petitioner filed the instant petition, his fourth habeas corpus petition, in the Morgan County Criminal Court and alleged that his sentences were illegal because the convicting court improperly sentenced him as a Range II, especially aggravated offender. The Petitioner also filed a memorandum of law in support of his petition.

On October 25, 2010, the court held a hearing on the habeas corpus petition in Kingston, Tennessee, by agreement of the parties. The habeas corpus court denied the petition at the end of the hearing, and a written order dismissing the petition was filed on December 17, 2010. The Petitioner filed a timely notice of appeal on November 15, 2010. See Tenn. R. App. P. 4(d).

**ANALYSIS**

On appeal, the Petitioner argues that his sentences are void because the evidence presented at his 1987 sentencing hearing failed to establish that he was subject to enhanced sentencing as a Range II offender for especially aggravated offenses. In response, the State argues that the judgment of the habeas corpus court should be affirmed because the Petitioner failed to state a cognizable claim for relief and failed to show that he is imprisoned or restrained of liberty because of these allegedly void sentences. While we disagree that the Petitioner has failed to show he is imprisoned or restrained of his liberty by these sentences, we agree that he has failed to state a cognizable claim for habeas corpus relief.

In determining whether to grant habeas corpus relief, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing

State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see also T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

Here, the Petitioner claims that the evidence presented at his 1987 sentencing hearing did not support his classification as a Range II, especially aggravated offender. This court has routinely held that such a claim is not a cognizable claim for habeas corpus relief. See Edwards v. State, 269 S.W.3d 915, 924 (Tenn. 2008) ("Simply stated, habeas corpus relief is not available to correct errors or irregularities in offender classification."); Jackie F. Curry v. Howard Carlton, Warden, No. E2011-00607-CCA-R3-HC, 2011 WL 4600621, at *4 (Tenn. Crim. App., at Knoxville, Oct. 6, 2011) ("[A] challenge to a defendant's offender classification is not a cognizable claim for habeas corpus relief as it would render the judgment, at most, voidable and not void."); See Cantrell v. Easterling, 346 S.W.3d 445, 455 (Tenn. 2011) (holding that a sentence that is the result of an erroneous offender classification is "neither illegal nor void"). Accordingly, the Petitioner is not entitled to habeas corpus relief on the basis of his allegedly erroneous offender classification.

We conclude that the Petitioner has not satisfied his burden of demonstrating, by a preponderance of the evidence, that his judgment is void or that his confinement is illegal. See Wyatt, 24 S.W.3d at 322. Accordingly, the trial court properly denied the Petitioner habeas corpus relief. We affirm the dismissal of the petition for writ of habeas corpus.

_____

CAMILLE R. McMULLEN, JUDGE