IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2015

## THOMAS EDWARD KOTEWA v. BRENDA JONES, WARDEN

**Appeal from the Circuit Court for Lauderdale County
No. 6765     Joe H. Walker, III, Judge**

No. W2014-01290-CCA-R3-HC  -  Filed March 19, 2015

Pro se petitioner, Thomas Edward Kotewa, appeals the summary dismissal of his petition for habeas corpus relief by the Lauderdale County Circuit Court.  In this appeal, the Petitioner argues that the habeas corpus court erred in denying his petition because the trial court lacked subject matter jurisdiction to accept his plea of guilty.  Upon our review, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Thomas Edward Kotewa, Henning, Tennessee, pro se.

Robert E. Cooper, Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Mike Dunavant, District Attorney General; and Sandra N. Donaghy, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On December 10, 2005, the Petitioner shot and killed Lashaun Terrance Mims, the victim, in an apparent dispute over drugs.  Sometime later, in a statement taken by investigating detectives, the Petitioner admitted to killing the victim and claimed self-defense.  On November 6, 2006, the Petitioner pleaded guilty to second-degree murder and received a sentence of fifteen years' incarceration.  Nearly eight years later, on June 20, 2014, the Petitioner filed a twelve-page, handwritten petition seeking habeas corpus relief.  As grounds for habeas relief, the Petitioner argues that his indictment was void because exculpatory evidence was withheld from the grand jury in violation of Brady v.

Maryland, 373 U.S. 83 (1963); therefore, the trial court lacked subject matter jurisdiction to accept his guilty plea. He further argues that his guilty plea was not knowingly and voluntarily entered because he was not aware of this information prior to his guilty plea. The information the Petitioner alleges was improperly withheld includes various statements from eyewitnesses, narrative police reports, crime scene measurements, non-specified crime scene photos, DNA and 911 reports, and the autopsy report. The State argues that the trial court properly dismissed the petition, and we agree.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review of the habeas corpus court's decision is de novo. Hart, 21 S.W.3d at 903.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to – 130. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S .W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161–64). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the

judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Here, the habeas court properly dismissed the petition because it failed to state a cognizable claim for relief. This court has repeatedly held that an alleged failure to disclose evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), is not a proper basis for a habeas corpus petition. See Lowe v. Fortner, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *3 (Tenn. Crim. App. Mar. 30, 2012); Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App. Mar. 30, 2006). This is true because to prove such an allegation requires proof beyond the face of the judgment, which is outside the scope of habeas corpus review. The Petitioner additionally argues that the failure to disclose the alleged exculpatory information resulted in an involuntary and unknowing guilty plea. However, challenges to the validity of a guilty plea render a conviction voidable, not void. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). The appropriate vehicle for attacking a facially valid judgment based on a constitutional violation is a timely petition for post-conviction relief, which the Petitioner apparently failed to pursue. See Luttrell, 644 S.W.2d at 409.

The Petitioner has not established that his judgment is void or that his sentence has expired. Accordingly, the habeas corpus court's summary dismissal of the petition for a writ of habeas corpus relief was proper.

## CONCLUSION

We affirm the dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE