IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 4, 2016

**JOSE LUIZ DOMINQUEZ v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3022    Monte Watkins, Judge**
———————————————————

**No. M2016-00302-CCA-R3-HC – Filed February 17, 2017**
———————————————————

The Petitioner, Jose Luiz Dominguez, appeals the dismissal of his petition for writ of habeas corpus by the Davidson County Criminal Court. On appeal, the Petitioner argues that the indictment was defective and that he received ineffective assistance of counsel, which rendered his guilty plea involuntary. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the Petitioner, Jose Luiz Dominguez.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 2, 2007, the Petitioner was indicted by a Davidson County Grand Jury on one count of premeditated first degree murder. On March 18, 2008, the Petitioner pled guilty to second degree murder and received a total effective sentence of twenty years' incarceration. The Petitioner filed his first petition for habeas corpus relief in the Wayne County Circuit Court, alleging that the indictment failed to include the statutory element of "intent," his sentence was outside the appropriate sentencing range, and he received ineffective assistance of counsel. The Wayne County Circuit Court

dismissed the petition on both "procedural and substantive grounds."[1] On August 21, 2015, the Petitioner filed a second petition for writ of habeas corpus in the Davidson County Criminal Court alleging the same grounds. The State filed a "Motion to Dismiss Petition for Writ of Habeas Corpus" stating that the petition was "improperly filed" in the Davidson County Criminal Court and failed to "demonstrate that the indictment [was] void or that his sentence [had] expired." The Petitioner filed a response to the State's motion to dismiss, and on January 20, 2016, the habeas corpus court held a hearing on both motions and the petition.

At the hearing, the Petitioner's counsel asked the habeas corpus court if the Petitioner could testify and elaborate on the claims raised in his petition. The State objected stating that any testimony the Petitioner provided would be irrelevant. Noting the State's objection, the habeas corpus court allowed brief testimony from the Petitioner. The Petitioner testified, through a Spanish interpreter, that when he pled guilty in 2008, he did not realize that he was pleading guilty to twenty years at one hundred percent. He claimed that his attorney told him that his sentence would be ten years at one hundred percent. The Petitioner also testified that his attorney failed to explain the possible sentencing range for second degree murder and failed to explain the elements of the offense to the Petitioner before he pled guilty. Furthermore, because the Spanish interpreter provided at the guilty plea hearing did not "speak Spanish very well," the Petitioner could not understand what was happening during the guilty plea hearing. Finally, the habeas corpus court asked the Petitioner if he remembered signing both the English and Spanish versions of the plea petition. The Petitioner denied signing any document in Spanish and denied that his signature was on the plea petition.

The habeas corpus court took the matter under advisement, and on January 27, 2016, it dismissed the petition. The habeas corpus court reasoned that this was the Petitioner's second petition for writ of habeas corpus, and he did not show "sufficient reasons for filing the petition in the court of conviction." Despite this procedural defect, the habeas corpus court found that the "indictment was sufficient to charge the offense and to vest jurisdiction in the trial court, and the sentence imposed was not illegal." The court also found that the Petitioner's claims of "ineffective assistance of counsel and an involuntary guilty plea are not cognizable claims in habeas corpus." It is from this order that the Petitioner now timely appeals.

---

[1] The petition failed to include a copy of the judgment as required by statute and failed to affirm that the legality of restraint had not already been determined in a previous proceeding. See T.C.A. § 221-107. The petition also included claims of ineffective assistance of counsel, which are not cognizable in a petition for writ of habeas corpus.

## ANALYSIS

On appeal, the Petitioner argues that the "indictment was facially insufficient" and that he received ineffective assistance of counsel, which rendered his guilty plea involuntary. Because the Petitioner fails to provide support in his brief for his claim that the indictment was facially insufficient, the State argues that the Petitioner has waived this issue. The State also argues that the Petitioner's claim of ineffective assistance of counsel, which led to an involuntary guilty plea, is not a cognizable claim for habeas corpus relief. Upon review, we agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v.

Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

Also, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." T.C.A. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient."). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

As an initial matter, the Petitioner did not file his petition in the court "most convenient in point of distance" as required by Tennessee Code Annotated Section 29-21-105. The record indicates that the Petitioner is incarcerated at the South Central Correctional Facility, in Clifton, Tennessee, which is located in Wayne County. The Petitioner filed his second petition in Davidson County because his sentence was illegal and it was "proper" for the Davidson County Criminal Court to hear his petition. The habeas corpus court determined, and we agree, that the Wayne County Circuit Court "is the court closest to [the Petitioner's] place of confinement" and "[h]e has not shown sufficient reasons for also filing the petition in the court of conviction." Notwithstanding the Petitioner's failure to follow the aforementioned procedural requirements, we conclude that the habeas corpus court properly dismissed the petition. The Petitioner argues that the indictment was "facially insufficient and, therefore, void." However, the Petitioner's brief fails to explain why the indictment was "facially insufficient" and only provides his "belief" that the indictment was insufficient and void. He fails to provide this court with any legal authority to support his argument. Accordingly, this issue has been waived. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

The Petitioner also argues that he received ineffective assistance of counsel, which rendered his guilty plea involuntary. He claims that his original attorney "erroneously informed [him] about the true nature of the plea he was entering." However, as the habeas corpus court found, claims of ineffective assistance of counsel and an involuntary guilty plea are not cognizable claims in habeas corpus. See Michael Aaron Pounds v. Roland Colson, Warden, No. M2012-02254-CCA-R3-HC, 2013 WL 6001951, at *4 (Tenn. Crim. App. Nov. 12, 2013) (holding that claims of ineffective assistance of

-4-

counsel are not cognizable claims because it "would render [the] judgment voidable rather than void"). Therefore, the Petitioner is not entitled to relief.

## CONCLUSION

Based on the aforementioned reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. McMULLEN, JUDGE

-5-