# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 14, 2017

## CHRISTOPHER MIMMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Trousdale County**
**No. 16-CV-4524     John D. Wootten, Jr., Judge**

_____

**No. M2016-01016-CCA-R3-HC – Filed June 22, 2017**

_____

The Petitioner, Christopher Mimms, appeals the summary dismissal of his petition for writ of habeas corpus by the Trousdale County Criminal Court.  On appeal, the Petitioner argues that his drug-related convictions are void because the trial court amended the indictment without his consent.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Christopher Mimms, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner was convicted of one count of selling 0.5 grams or more of cocaine and one count of selling 0.5 grams or more of cocaine in a school zone.  State v. Christopher Mimms, No. M2011-02712-CCA-R3-CD, 2013 WL 493306, at *1 (Tenn. Crim. App. Feb. 8, 2013), perm. app. denied (Tenn. June 12, 2013).  This court affirmed his convictions on direct appeal, and the Tennessee Supreme Court denied permission to appeal.  Id.  This court also affirmed the denial of his petition for post-conviction relief.  Christopher Mimms v. State, No. M2014-01616-CCA-R3-PC, 2015 WL 3952161, at *1 (Tenn. Crim. App. June 29, 2015), perm. app. denied (Tenn. Sept. 17, 2015).  On March 30, 2016, the Petitioner filed a pro se petition for writ of habeas corpus challenging the validity of the indictment.  He argued that the trial court erred by allowing a constructive

amendment to the indictment and that the indictment did not provide the Petitioner with "notice that the jury would be allowed to fin[d] him guilty under a different element of the offense."[1] He claimed that the constructive amendment of the indictment rendered his judgment void and that he is entitled to relief. The habeas corpus court summarily dismissed his petition on April 21, 2016. The habeas corpus court found that the Petitioner had "failed to establish that the convicting [c]ourt lacked jurisdiction or authority." The habeas corpus court also found that many of the Petitioner's allegations were more suitable for a direct appeal, rather than a petition for writ of habeas corpus. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that the trial court "constructively amended the indictment, without the consent of the Petitioner." He appears to argue that the indictment specified a particular means of committing the offense, but the trial court charged the jury with "alternative theories of [the] sale of cocaine in [a] school zone." The Petitioner contends that he was not given "proper notice that the jury would be allowed to fin[d] him guilty under a different element of the offense." The State asserts that the Petitioner failed to meet the procedural requirements for habeas corpus relief, and the Petitioner's claims do not entitle him to relief. After review, we agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's

---

[1] The indictment was not included in the record on appeal.

sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b)(1)-(4).  A habeas corpus court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements.  Summers, 212 S.W.3d at 260 (citing Hickman, 153 S.W.3d at 21).

We agree with the State and conclude that the petition herein failed to comply with the statutory requirements outlined in Tennessee Code Annotated section 29-21-107(b). Specifically, the petition failed to include a copy of the indictment.  See T.C.A. § 29-21-107(b)(2).  The omission of the indictment from the record is fatal because the grounds upon which the Petitioner seeks relief challenge the language of the indictment under which he was convicted.  Accordingly, the Petitioner's failure to include a copy of his indictment in the record on appeal or provide a reason for its absence precludes our review of this issue.  See State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964); Summers, 212 S.W.3d at 261 (declining to "incorporate the liberal procedural safeguards of the Post-Conviction Procedure Act into the provisions governing habeas corpus" and reiterating that habeas corpus procedures are "mandatory and strictly applied" even against pro se petitioners).  Upon our review of the record, the petition was properly dismissed, and the Petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. McMULLEN, JUDGE

- 4 -