IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

## JOSEPH E. SUGGS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99-B-1054        Angelita Blackshear Dalton, Judge**
_____

**No. M2018-01147-CCA-R3-HC**
_____

The Petitioner, Joseph E. Suggs, acting pro se, appeals from the summary dismissal of his petition for writ of habeas corpus by the Davidson County Criminal Court, claiming his judgments of conviction for rape of a child are void because they lack the required file-stamp.[1]  After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined.  JAMES CURWOOD WITT, JR., J., concurred in results only.

Joseph Edward Suggs, III, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; and Glenn Funk, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The record shows that on May 14, 1999, the Petitioner was indicted by a Davidson County Grand Jury for nine counts of aggravated sexual battery and five counts of rape of a child.  Pursuant to a plea agreement, on November 10, 1999, he entered guilty pleas to three counts of rape of a child (counts 8, 10, and 11) in exchange for dismissal of the remaining charges.  The trial court later imposed consecutive terms of twenty-five years for each count, for an effective sentence of seventy-five years' imprisonment.  The

---

[1] The Petitioner also alleges his convictions are void based on several other, new grounds in his appellate brief which are not entirely clear to this court.  Because these issues were not raised in the Petitioner's initial petition seeking habeas corpus relief or addressed by the trial court, they are waived.

judgments of conviction were signed by all parties and show an entry date of December 17, 1999.  The Petitioner appealed the trial court's imposition of consecutive sentencing, which was affirmed by this court.  State v. Joseph E. Suggs, No. M1999-02136-CCA-R3-CD, 2000 WL 1521481, at *1 (Tenn. Crim. App. Oct. 4, 2000), perm. app. denied (Tenn. Apr. 24, 2001).  The Petitioner then filed a petition for post-conviction relief, alleging ineffective assistance of counsel and that his guilty pleas were unknowingly and involuntarily entered.  This court affirmed the trial court's denial of post-conviction relief.  Joseph Edward Suggs, III v. State, No. M2006-00485-CCA-R3-PC, 2007 WL 1774291, at *1 (Tenn. Crim. App. June 20, 2007).

On April 6, 2018, the Petitioner filed a twenty-page memorandum, entitled "APPLICATION FOR WRIT OF HABEAS CORPUS AND/OR MOTION FOR CORRECTED JUDGMENT AND/OR MOTION FOR EQUITABLE RELIEF TO RECEIVE JAIL CREDIT."  The sole complaint within his filing was that his judgments of conviction were not final because the forms did not contain a "duly authenticated 'file stamp' date by the clerk" in compliance with Rule 32(e) of the Tennessee Rules of Criminal Procedure.  The Petitioner argued that he was therefore entitled to jail credits for the time he had served incarcerated "prior to the imposition of sentence" because his convictions were never properly entered by the clerk.  On May 17, 2018, the habeas corpus court issued a written order dismissing the Petitioner's application, reasoning as follows:

> The Petitioner argues he is entitled to relief due to what he claims is a defect on the judgments for their failure to be file-stamped.  After review of the Petitioner's motion and the case law surrounding this issue, the Court finds the Petitioner's claim is without merit.  The Court notes that as a criminal matter, the applicable set of rules establishing the procedures of this case are the Tennessee Rules of Criminal Procedure.  Pursuant to Rule 32(e) of the Tennessee Rules of Criminal Procedure, a judgment of conviction must be "signed by the judge and entered by the clerk," and must contain the plea, the verdict, and adjudication and sentence.  Tenn. R. Crim. App. 32(e).  The Tennessee Court of Criminal Appeals has held that even if Rule 32(e) requires that the judgment be file stamped, failure to do so does not require that the conviction be set aside.  See State v. [Gary] Carr, [No.] W2016-01525-CCA-R3-CD, 2017 WL [] 2493687, at [*]2 (Tenn. Crim. App. June [9,] 2017).

> In the matter at hand, the Court finds that the Petitioner is not entitled to relief.  The judgment form contains the information required by Rule 32(e) and the signatures of this Court and counsel for the State.  Further, the date of entry of judgment, though not file stamped, is listed by

hand on the form as 12/17/99. At most, the lack of a file stamp amounts to a clerical error and does not entitle the Petitioner to the relief sought.

The final issue raised on the petition is that the trial court failed to properly apply jail credit. Court records indicate that the Petitioner was in the custody of the Davidson County Sheriff's Office prior to the imposition of sentence from February 12, 1999 to the date that the plea was entered on December 17, 1999. The judgment in this matter reflects that jail credit was applied for the above listed timeframe. Therefore, this Court finds that this claim is without merit.

Accordingly, this Court finds that the Petitioner has failed to state an actionable claim on all of the above issues.

It is from this order that the Petitioner appeals.[2] Following his notice of appeal, at the Petitioner's request, this court ordered supplementation of the record to include a copy of the Petitioner's guilty plea dated November 10, 1999, as exhibited to the petition. Joseph E. Suggs v. State, No. M2018-01147-CCA-R3-HC (Tenn. Crim. App. Sept. 20, 2018) (order). The trial court clerk responded that no such exhibit existed, id. (affidavit from trial court clerk), and this appeal is now properly before this court for review.

## ANALYSIS

We have already deemed the bulk of the Petitioner's arguments on appeal as precluded from appellate review. To the extent that the Petitioner advances his claim that his judgments are void because they lack the required file-stamped judgments, we agree with the State, and conclude that he is not entitled to relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued,

---

[2] The record shows that the Petitioner's notice of appeal was filed on June 20, 2018, outside of the thirty day filing requirement; however, the notice is dated June 14, 2018, and the State does not challenge the filing as untimely.

however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Here, the Petitioner argued in his memorandum that his judgments of conviction are void because they do not contain a file stamp as required by Rule 32(e). This court has held that failure to file stamp a judgment does not require a conviction to be set aside and at most amounts to clerical error. State v. Gary Carr, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017); State v. Curtis Lashun Wren, No. W2017-01978-CCA-R3-CD, 2018 WL 3480424, at *3 (Tenn. Crim. App. July

19, 2018) (finding that the absence of a file-stamped judgment does not render a judgment void on its face and thus does not entitle a petitioner to habeas corpus relief). Accordingly, because the absence of a file stamp does not render the judgments void, summary dismissal was proper. In addition, the Petitioner's claim that he did not therefore receive proper jail credit is not cognizable in habeas corpus. See State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015) (stating that "[a] trial court's failure to award pretrial jail credits may certainly be raised as error on appeal, . . . But a trial court's failure to award pretrial jail credits does not render the *sentence* illegal . . . .") (emphasis in original); Cory O'Brien Johnson v. State, No. W2016-0087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. Aug. 30, 2016) (applying Brown in habeas corpus context); see also Kenneth Thompson Anderson v. State, No. M2014-01812-CCA-R3-HC, 2016 WL 447749, at *4 (Tenn. Crim. App. Feb. 5, 2016) (applying Brown and holding that relief is not available in habeas corpus cases involving a trial court's failure to award jail credits); But see Steven Anderson v. Washburn, No. M2018-00661-CCA-R3-HC, 2019 WL 453957, at *5 (Tenn. Crim. App. Feb. 5, 2019) (noting that Brown does not compel a conclusion that pretrial jail credit is not cognizable in habeas corpus). The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the habeas corpus court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE