IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2021 Session

**JUSTIN C. HOWELL v. GRADY PERRY**

**Appeal from the Circuit Court for Wayne County**
**No. 16675    Christopher Sockwell, Judge**

_____

**No. M2020-00265-CCA-R3-HC**

_____

Pro se petitioner, Justin C. Howell, appeals from the summary dismissal of his petition for writ of habeas corpus relief. Upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Justin C. Howell, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner was originally indicted for three counts of aggravated kidnapping, one count of especially aggravated kidnapping, four counts of aggravated robbery, four counts of aggravated assault, one count of aggravated burglary, and one count of theft over $1000 arising out of his involvement in a home invasion during which the occupants were threatened with weapons and property was stolen. Justin C. Howell v. State, No. M2018-02050-CCA-R3-PC, 2019 WL 6954191, at *1 (Tenn. Crim. App. Dec. 19, 2019), appeal denied (June 3, 2020) (denying post-conviction relief based on ineffective assistance of counsel in failing to file a motion to suppress "the warrantless seizure of cell phone records alleged to link the petitioner to the charged crimes" in violation of Carpenter v. United States, 138 S. Ct. 2206 (2018)). The petitioner entered a negotiated plea agreement whereby he pled guilty to the four counts of aggravated robbery and one count of aggravated burglary in exchange for a sentence of eleven years and dismissal of the

remaining charges. The trial court accepted the agreement and entered judgments on February 18, 2016. Id. On September 2, 2019, the petitioner filed a petition for writ of habeas corpus relief alleging that (1) the judgments of conviction were facially invalid or void because they reflect an illegal sentence entered pursuant to an unenforceable guilty plea; and (2) the judgments of conviction were invalid because they were entered pursuant to indictments that are fatally defective, contravene state law, and failed to confer proper jurisdiction upon the trial court. On January 15, 2020, the State filed in response a motion to dismiss asserting that summary dismissal was appropriate because (1) the petitioner's judgments of conviction were facially valid and contain nothing to indicate that they are void; and (2) the petitioner's double jeopardy claim, even if true, would result in a voidable judgment, as opposed to a void judgment, and thus, is not a cognizable claim of habeas corpus relief. On the same day, the habeas corpus court entered an order summarily dismissing the petitioner's petition for writ of habeas corpus relief. On February 14, 2020, the petitioner filed a notice of appeal, and his case is now properly before this court for review.

In this appeal, the petitioner asserts the habeas corpus court erred in summarily dismissing his petition for writ of habeas corpus relief. He argues that his judgments of conviction are facially invalid or void because they reflect an illegal sentence entered pursuant to an unenforceable guilty plea. Specifically, the petitioner claims that his judgment forms for counts 5 through 8 and count 13 "in effect, [are] ordered to run simultaneously both concurrently and consecutively." Based on the petitioner's reading of the judgment forms, the trial court's construction of his sentence violates Tennessee Code Annotated section 40-35-115(a), which provides that "[i]f a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section." The petitioner additionally contends that the judgments of conviction in counts 5 through 8 "failed to protect [the petitioner] against Double Jeopardy." He asserts that counts 5 through 8 resulted in punishments for the same acts and were premised upon the same taking. In response, the State submits that summary dismissal was proper based on the same grounds alleged in its motion to dismiss. For the reasons that follow, we agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very

narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Applying the above law, we conclude that summary dismissal was proper. The petitioner argues that his judgments of conviction are void pursuant to Tennessee Code Annotated section 40-35-115(a) because the trial court ordered them to run "simultaneously both concurrently and consecutively." Under the petitioner's interpretation of the statute, section 40-35-115(a) mandates that in all cases of multiple convictions, all sentences must be ordered either consecutively or concurrently served to or with other full sentences but not both. The petitioner misunderstands the law. Section 40-35-115(a) does not prohibit a trial court from ordering a defendant convicted of multiple

offenses to serve a full sentence for one conviction consecutively to his full sentence for another conviction concurrently with the remaining full sentences. In any event, the petitioner also misreads his judgment forms. Contrary to the petitioner's claim, his judgments of conviction reflect that the trial court imposed an eleven-year concurrent term of imprisonment for counts 5 through 8 (aggravated robberies). The judgment of conviction for count 13, aggravated burglary, shows the trial court then imposed a four-year sentence to be served concurrently to counts 5 through 8, for an effective sentence of eleven years' imprisonment. In addition, as noted by the State, to the extent the petitioner raises a double jeopardy claim, this court has repeatedly held such claims are not cognizable for habeas corpus relief. See Summers v. State, 212 S.W.3d 251, 261 (Tenn. 2007) (stating that "the habeas corpus statutes are for the purpose of challenging a void judgment" while "a post-conviction petition may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights"); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (reiterating that constitutional challenges to convictions should be made in a post-conviction proceeding, rather than a habeas corpus proceeding); Ricky Lynn Hill v. Tony Parker, Warden, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App. Jan. 24, 2011) (stating that a claim of double jeopardy renders a judgment voidable, not void); Bobby James Mosley v. Wayne Brandon, Warden, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at * 5 (Tenn. Crim. App. June 20, 2007) (reiterating that a claim of double jeopardy is not a cognizable claim for habeas corpus relief); Ralph Phillip Claypole, Jr. v. State, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App. May 16, 2001) (stating that the petitioner's claim of double jeopardy, if true, would render the convictions "voidable, not void."). Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based on the above law, we affirm the judgment of the habeas court.

_____
CAMILLE R. MᴄMULLEN, JUDGE