IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2024

**ALBERT BOHANNON v. GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Wayne County**
**No. 17338    Christopher V. Sockwell, Chancellor**

————————————————————

**No. M2023-01181-CCA-R3-HC**

————————————————————

The Petitioner, Albert Bohannon, appeals the Wayne County Circuit Court's summary dismissal of his pro se petition seeking habeas corpus relief. After review, we affirm the dismissal because the Petitioner is no longer imprisoned or restrained of his liberty and the petition fails to comply with the statutory requirements.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Albert Bohannon, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; and Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 4, 2014, the Petitioner pled guilty to selling less than point five grams of cocaine and was sentenced to seven years' supervised probation. Tenn. Code Ann. § 39-17-417(a)(3). Four years later on April 19, 2018, the Petitioner conceded a probation violation and the judgment was amended. The amended judgment provided that "[t]he Defendant shall serve 90 days and then said [p]robation shall [be] terminated." On October 19, 2018, however, the judgment was amended again to reflect that a probation violation was "retired" and the Petitioner was reinstated to unsupervised probation. Two years later on May 27, 2020, the judgment was amended again after the trial court determined that the

Petitioner violated his probation. The second amended judgment provided that "[t]he [p]robation is revoked and the previously imposed judgment is placed into effect."

On March 29, 2021, the Petitioner filed a petition for habeas corpus relief, alleging that he had served "overtime on probation" and was past his release eligibility date. The habeas corpus court summarily dismissed the petition because the Petitioner failed to attach his judgment of conviction. On July 7, 2021, the Petitioner filed a "Motion to Reinstate Probation Termination" in the trial court.[1] The trial court denied the motion because the issues were "without merit and have previously been addressed in open court with counsel present." The trial court noted that the Petitioner, through counsel, had previously made an oral motion to reconsider placing the Petitioner's sentence into effect "on the same basis." The trial court then stated:

> [The Petitioner's] oral motion was stricken through counsel as, after investigation and review of previous court proceedings, found to be without merit. More specifically, any misunderstanding or misapplication [of] the April 19, 2018 amended judgment was rectified by subsequent judgments. Additionally, [the Petitioner's] concerns were addressed on the record.

On October 25, 2021, the Petitioner filed a second petition for habeas corpus relief, again alleging that "his sentence of imprisonment has expired past the [release eligibility date]." Though this petition was apparently denied, the habeas corpus court's order is not included in the record.

On May 30, 2023, the Petitioner filed a third petition for habeas corpus relief, alleging that his sentence expired on July 18, 2018, and "any subsequent probation violation [] is erroneously being viewed." The State filed a motion to dismiss the petition, alleging that it was procedurally deficient because it did not include the original judgment of conviction or his two prior petitions for habeas corpus relief and failed to mention that the issue had already been adjudged by the trial court in his "Motion to Reinstate Probation Termination." Alternatively, the State argued that the Petitioner failed to state a cognizable claim for relief. The habeas corpus court granted the State's motion to dismiss, finding "that the [P]etitioner has failed to follow the mandatory procedural requirements and has failed to state a cognizable basis for habeas corpus relief." This timely appeal followed.

## ANALYSIS

The Petitioner argues that he remains imprisoned despite the expiration of his sentence. He contends that based on the April 19, 2018 amended judgment indicating that

---

[1] The "Motion to Reinstate Probation Termination" is not included in the record.

his probation would terminate after ninety days, his sentence expired on July 18, 2018. The State responds that the habeas corpus court properly dismissed the petition because it is procedurally deficient and fails to show by a preponderance of the evidence that the Petitioner's sentence has expired. We conclude that the Petitioner is not entitled to relief because he is no longer imprisoned or restrained of his liberty and his petition is procedurally deficient.

"The determination of whether habeas corpus relief should be granted is a question of law." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, we review the determination de novo with no presumption of correctness. Id. (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

Article I, section 15 of the Tennessee Constitution guarantees prisoners the right to seek a writ of habeas corpus. "Any person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available only when a judgment is void, and not merely voidable. Summers, 212 S.W.3d at 255-56 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). A voidable judgment, however, "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

Because the procedural requirements for habeas corpus petitions are mandatory and must be scrupulously followed, a trial court may summarily dismiss a petition for failing to comply with the procedural requirements. Summers, 212 S.W.3d at 259-60. Tennessee Code Annotated section 29-21-107(a) requires that the petition be signed and verified by affidavit. In addition, the petition must state the following:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b). Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105.

Upon issuance of this opinion, the Tennessee Department of Correction records indicate that the Petitioner's sentence ended on March 19, 2024, and that he is not currently being supervised in any capacity. Because the Petitioner is no longer imprisoned or otherwise restrained of liberty, he is not entitled to habeas corpus relief. Tenn. Code Ann. § 29-21-101; Hickman v. State, 153 S.W.3d 16, 22 (Tenn. 2004) ("a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement").

Additionally, the Petitioner is not entitled to relief because he failed to comply with the mandatory procedural requirements. First, the Petitioner failed to attach his original judgment of conviction to his petition or provide a satisfactory reason for its absence. Tenn. Code Ann. § 29-21-107(b)(2). Second, he failed to attach a copy of his two previous petitions for habeas corpus relief and the proceedings thereon or provide a satisfactory reason for their absence. Id. § 29-21-107(b)(4). Third, the petition incorrectly states that the legality of the restraint has not been previously adjudicated. In its order on the Petitioner's "Motion to Reinstate Probation Termination," the trial court determined that the Petitioner's argument that his probation had been terminated by the April 19, 2018 amended judgment was without merit. Accordingly, we will not reconsider this argument. See Sawyers v. State, No. M2012-01785-CCA-R3-HC, 2013 WL 507332, at *4 (Tenn.

- 4 -

Crim. App. Feb. 12, 2013), no perm. app. filed (concluding that this court could not address the petitioner's claim because it was addressed in a decision on a previous habeas corpus petition).

The Petitioner also alleges, for the first time, that his guilty plea was not knowingly and voluntarily entered. This allegation, even if true, would not entitle the Petitioner to habeas corpus relief because it renders the judgment voidable, not void. Summers, 212 S.W.3d at 255-56.

## CONCLUSION

Based upon the above reasons, we affirm the habeas corpus court's dismissal of the petition.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE